TIMOTHY J. HARTNETT vs. JAMES McMAHAN.

B. ELIZABETH HARTNETT vs. SAME.

JAMES McMAHAN vs. TIMOTHY J. HARTNETT.

Middlesex.    January 18, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Assault and Battery — Evidence.*

In actions for an assault and battery, one by A. against B., and the other by B. against A., which were tried together, B. testified that A. struck him when he was down, and during the altercation between them a crowd collected; and that, while A. was on top of his back, C., a bystander, asked him to get off and let B. alone. *Held*, that the evidence was rightly admitted.

THREE ACTIONS OF TORT, each for an assault and battery. At the trial of the cases together in the Superior Court, before *Fessenden*, J., the jury returned verdicts for McMahan; and the Hartnetts alleged exceptions to the admission of certain evidence, the nature of which appears in the opinion.

*S. H. Dudley*, for the Hartnetts.

*J. B. Goodrich*, for McMahan.

KNOWLTON, J.    These three cases were tried together, and in two of them each of two persons sought to recover from the other for an alleged assault. In the third, another person sought to recover from one of them for an assault upon her at the same time. McMahan testified that Hartnett struck him when he was down, and that during their altercation many persons gathered about, and that, while Hartnett was on top of his back, one White, a bystander, asked Hartnett to get off and let him alone. Hartnett's exception to the testimony of what White said presents the only question in the cases.

It is quite clear that White's remark, considered as a declaration, was not competent evidence to prove the truth of anything implied by it, but it does not follow that it was wrongly admitted. It was introduced in connection with an account of the conduct of both parties immediately before and after it, to which it related, and the last part of which might have been affected by it. It was heard by both of them, and as an occurrence closely con-

nected with and perhaps affecting conduct, the nature of which was the substance of the issue, we think it well might be put in evidence as a part of the controversy which was under investigation by the court. It was at least an accessory of it, and a kind of side light without which the picture would be incomplete. In the absence of anything to show that an improper use was made of the evidence, the entry must be, *Exceptions overruled.*