# Erlich, et al. v. Heis.

## Automobile Injury.

(Decided June 3, 1915. 69 South. 530.)

1. *Parent and Child; Injury to Third Person; Liability of Parent.*— The owner of an automobile is not responsible for the act of his son while driving such automobile, unless the son was his agent or servant, express or implied, and the relationship of parent and child does not of itself alone establish the fact of agency.

2. *Same.*—The evidence in this case examined and held to afford a reasonable inference that the son was acting as the agent or servant of his father at the time of the accident.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by George Heis against Sam Erlich and another for damages for the death of his child, caused by an automobile. Judgment for plaintiff and defendant Sam Erlich appeals. Affirmed.

STOKELY, SCRIVNER & DOMINICK, for appellant.

BLACK & SADLER, for appellee.

This case was submitted and decided under the new rule 46, and the opinion of the court was rendered by Mr. Chief Justice ANDERSON.

The plaintiff sued Sam and Julian Erlich jointly for the wrongful death of his minor daughter, and recovered a judgment against both of the defendants. This appeal is taken by Sam Erlich alone, who insists that he was entitled to the general charge, for the reason that he was in no way connected with the death of the intestate, and was not in law responsible for the conduct of his son Julian, as he was going upon a journey in pursuance of his own business, notwithstanding that the car which killed the deceased belonged to the appellant, and the said Julian was his minor son, and was, at the time, riding the appellant's wife and her invited guests.

(1, 2)   We may concede that the appellant, though the owner of the automobile, was not responsible for the conduct of the driver of same, unless Julian, the said driver, was his agent or servant, expressed or implied, and that the relationship alone did not of itself establish the agency.—*Parker v. Wilson,* 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; *Armstrong v. Sellers,* 182 Ala. 582, 62 South. 28. Yet we think that the evidence in this case afforded a very reasonable inference for the jury to find that Julian was acting for and in behalf of the appellant in taking his wife and her invited guests to Birmingham. It may be true that appellant did not specifically direct or authorize his son Julian to take his mother and her guests to Birmingham upon the day in question, and that, while his said son was a minor, he was working for himself and had been emancipated; yet he remained under his father's roof, and was to all intents and purposes a

member of the family, and had repeatedly been upon, and had, in fact, for months acted as a chauffeur for his mother, with the knowledge and consent of the appellant, and to such an extent that the jury could have inferred, at least, an implied understanding between the father and son that he could or should take the mother and wife to drive whenever she requested him to do so. The son testified that he was going to Birmingham solely to see a physician, and that his mother's going with him was but an incident to his journey, and that he was going independent of her, and whether she went or not. If thus was true, and he was going solely and entirely for his own benefit, the liability of the appellant would be most questionable; but the jury could have inferred that the trip was as much or more for the benefit of the wife than the son. The wife was not only in the automobile, but had two friends with her, and told her husband, before he left the house that morning, that she was going to Birmingham that day. Though he says she did not say she was going in the automobile, and he did not know how she was going, yet the jury could have well inferred that appellant knew that she would probably go in the automobile, and would have the son drive her, as he had frequently done for past months. The jury could have well inferred that the trip in question was not solely in the interest of the son, and that it was for the joint benefit of Julian and the appellant's wife. Not only did the evidence afford an inference that Julian was acting as an agent or servant for his father in driving the latter's wife to Birmingham, but one witness testified that the appellant had previously stated that Julian attended to the driving of his car as his chauffeur. The facts of this case differentiate it from the *Sellers Case,*

*supra,* and the conclusion here reached is in complete harmony with the law as there laid down, as well as with the *Parker Case; supra.*

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.