(86 South. 156)

VENTURINI v. CARLIN.    (1 Div. 366.)

(Court of Appeals of Alabama.    June 8, 1920.)

BAILMENT ⬤⟿21 — LENDER OF AUTOMOBILE NOT LIABLE FOR NEGLIGENT USE BY BORROWER.

The mere lender of an automobile is not liable to one who is injured by its negligent use in the hands of the borrower, even under Acts 1911, p. 643, § 23.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Bernard A. Carlin against Frank Venturini and others, for damages for injuries suffered in an automobile collision. Judgment for the plaintiff, and the named defendant appeals. Reversed and remanded.

As originally filed, the complaint was against John H. Jackson, Mrs. J. H. Jackson, and Peter Venturini, and consisted of two counts, the first in simple negligence and the second for wanton injury. This complaint was filed April 18, 1919. On May 5, 1919, the complaint was amended by striking out the words "Peter Venturini" wherever they occur, and substituting the words, "Frank, alias Buck, Venturini." On October 17, 1919, the complaint was amended, and there is a judgment of the court overruling the demurrers filed October 17, 1919, to the amended complaint. The substance of the complaint sufficiently appears from the opinion as do the other facts.

Gordon & Edington, of Mobile, for appellant.

The mere lender of an automobile is not liable to one who is injured by its negligent use in the hands of the borrower. 202 Ala. 306, 80 South. 371; 179 Ala. 370, 60 South. 150; 193 Ala. 670, 69 South. 530. The doctrine of respondeat superior does not apply. 75 South. 621. On these authorities counsel insist that all his assignments of error are well taken.

Harry T. Smith & Caffey, of Mobile, for appellee.

Counsel discuss the presentation of issues from a technical standpoint, with the insistence that nothing is presented for review. On the merits they insist that, under the proper interpretation of Acts 1911, p. 643, § 23, the defendant, Venturini, was liable. They insist that the language is plain and unambiguous, and hence there is no field for construction, but that the words must be given their plain meaning. 164 Ala. 520, 51 South. 531; 9 Port. 266; 179 Ala. 579, 60 South. 280; 172 Ala. 179, 55 South. 203; Babitt, Motor Vehicles (2d Ed.) p. 176.

SAMFORD, J.  Appellee's counsel insists that the determining point in this case is not raised by this record, but in this contention counsel is in error. True there was an amendment to the complaint filed May 5, 1919, and subsequent to that time, on October 7, 1919, the original complaint as amended May 5th was further amended by a substituted complaint, to which additional grounds of demurrer to the first and second counts as amended were separately and severally filed October 7, 1919, and considered by the court as being directed to the amended complaint filed October 7, 1919, as is indicated in the judgment of the court on demurrer dated October 7, 1919, where it is recited, "And defendant's demurrers filed this day to the amended complaint filed this day," etc., indicating clearly that the judgment of the court on demurrers to which attention is directed by the first assignment of error is referable to the amended complaint filed October 7, 1919.

As is conceded by appellee's counsel in brief, this presents the only assignment of error necessary for the court's consideration, and a determination of this question would of necessity determine the appeal in this case.

The two counts of the complaint upon which the cause was tried allege, in substance, that on February 22, 1919, the defendant Frank Venturini was the owner of a motor vehicle, viz. an automobile, for private use; that on said day the defendant John H. Jackson was operating said automobile under authority from, and with the consent of, Frank Venturini, and that while so operating said automobile under such authority and within the line and scope thereof, the said defendant John H. Jackson negligently caused or allowed said automobile to run upon or against an automobile, the property of the plaintiff, etc.  The defendant by way of demurrer points out that no facts were alleged, showing that Jackson was operating said automobile as the agent, servant, or employé of Venturini, or in any capacity whereby said Venturini could be bound for any negligence on the part of said Jackson, and,

further, that the law under which said count was founded, seeking to make the lender liable for any negligence of the borrower in the operation of the automobile of the lender, is unconstitutional and void.

The question of the constitutionality of that part of section 23 of the act of 1911 (page 634), in the following words, "that such owner be liable for any negligent or willful injury inflicted by any such person authorized by him" was certified to the Supreme Court, and in response to this inquiry the Supreme Court held the enactment to be valid, but in the opinion said:

"It [the clause dealt with] does not increase, alter, modify, or change the liability of the persons dealt therewith from what it was under existing laws. In other words, it was merely intended to prevent the exemption from taking out a license as being intended to operate as a release from liability for such negligence for which the owner would be liable under existing laws, and in no sense intended to place the liability as for conduct for which there was no previous liability."

If, as is held by the Supreme Court in the case supra, section 23 of the act approved April 22, 1911 (Acts 1911, p. 634–43), in no sense is intended to place the liability as for conduct for which there was no previous liability, then the authorities of this state are uniform to the effect that the general rule is that the mere lender of an automobile is not liable to one who is injured by its negligent use in the hands of the borrower, and therefore it would be necessary, as an allegation in a complaint charging negligence against the owner when the injury was committed while the automobile was being operated by a borrower, to allege facts showing that Jackson was operating said automobile as an agent, servant, or employé of Venturini, or in a capacity whereby Venturini could be bound for any negligence on the part of Jackson. Beville v. Taylor, 202 Ala. 305, 80 South. 370; 2 R. C. L. p. 1201, § 35; Gardiner v. Soloman, 200 Ala. 115, 75 South. 621, L. R. A. 1917F, 380; Parker v. Wilson, 179 Ala. 370, 60 South. 150; Erlich v. Heis, 193 Ala. 669, 69 South. 530; Dowdell v. Beasley, ante, p. 100, 82 South. 40.

It follows, therefore, that the trial court erred in its various rulings, contrary to the views herein above expressed, both as to the overruling of the demurrers to the complaint and in the oral charge to the jury and in the refusal to give at the request of the defendant the various written charges asserting this proposition.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., dissents.