(91 South. 801)

**PAYNE, Director General, v. JAMES.**
(1 Div. 215.)

(Supreme Court of Alabama. Dec. 22, 1921. Rehearing Denied Jan. 19, 1922.)

1. **Trial ⬦252(7)—Instruction regarding the question of agency held properly refused where there was no evidence on that issue.**

In shipper's action for damage to a car of peaches while in transit, an instruction that the person who was overseeing the loading of the car was not acting as the agent of the defendant *held* properly refused, where the question of agency was not involved in the issues presented.

2. **Trial ⬦191(6)—Instruction which assumed matters upon which the evidence was conflicting held properly refused.**

In shipper's action for damage to car of peaches while in transit, an instruction which assumed as a fact the inherent defects of the peaches, as well as plaintiff's negligence, *held* properly refused, where the evidence on these questions was conflicting.

3. **Trial ⬦253(8)—Instruction, as to market value, ignoring evidence, held erroneous.**

In shipper's action for damage to a car of peaches while in transit, an instruction fixing the market value of the peaches at a figure as testified to by one witness, and ignoring other evidence on such value, was erroneous.

4. **Appeal and error ⬦221—Question not raised in trial court cannot be raised on appeal.**

Where the question as to whether or not interest should be allowed was not raised in the trial court, it cannot be raised on appeal.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action by L. R. James against John Barton Payne, as Director General, operating the Louisville & Nashville Railroad Company, for damages to a carload of peaches. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The following are the charges referred to as having been refused to the defendant:

(2) I charge you, gentlemen of the jury, that William James was not overseeing the loading of the car in question as the agent of the defendant.

(3) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the inherent disease of the peaches, in connection with the negligence of plaintiff in delaying car in transit, were the proximate cause of the damage to shipment, then you should find for the defendant.

The other facts sufficiently appear from the opinion of the court.

Barnett, Bugg & Lee, of Monroeville, and George W. Jones, of Montgomery, for appellant.

The court should have given charge 2. 156 Ala. 645, 47 South. 126; 148 Ala. 673, 41 South. 829; 146 Ala. 277, 41 South. 146; 129 Ala. 228, 30 South. 324; 124 Ala. 245, 27 South. 425; 38 Cyc. 1667, 1703. The court should have given charge 3. 10 C. J. 393, 290; 162 Ky. 136, 172 S. W. 89; 72 Fla. 408, 73 South. 232; 10 C. J. 114, 120, 122. The court erred in its oral charge to the jury. 146 Ala. 295, 40 South. 560; 117 Ala. 620, 23 South. 660; 108 Ala. 656, 18 South. 735; 101 Ala. 676, 14 South. 639.

Hybart & Hare, of Monroeville, for appellee.

As to agency, it was a question for the jury. 2 C. J. 965. Charge 3 was properly refused. 8 Ala. App. 227, 62 South. 406. 4 Michie's Ala. Dig. 339. There was no error in the oral charge of the court. 15 Ala. App. 423, 73 South. 750; 107 Ala. 310, 19 South. 966, 54 Am. St. Rep. 93; 22 C. J. 189. 17 Ala. 689, 52 Am. Dec. 194; 179 Ala. 239, 60 South. 933.

GARDNER, J. Appellee sued appellant for damages for the loss of one car of peaches shipped over the Louisville & Nashville Railroad by the plaintiff, consigned to one Hermindinger, Louisville, Ky. By order of the plaintiff, the car of peaches was reconsigned to John Amicon Bros. & Co., Columbus, Ohio, from which point the car was again diverted and reconsigned to Buffalo, N. Y., but through error was transported to Cincinnati, and, after much delay, from that point back to Buffalo. The consignee at the latter point declined to receive the shipment on account of the decayed condition of the fruit, and the car of peaches was sold for the benefit of all parties concerned.

There was evidence tending to show much delay on the part of the railroad; also, some evidence tending to show that the car was not properly iced, and that the loss of the fruit was occasioned by such negligence.

The defendant pleaded the general issue, as well as three special pleas setting up in substance that the damage was occasioned by the negligence of plaintiff in delaying the shipment at Louisville, Ky., and Columbus, Ohio, which delay, in conjunction with the natural defects inherent in the fruit itself, constituted the proximate cause of the damage. Some of the pleas also contain excerpts from the contract of shipment, to the

---

effect that the carrier would not be liable for any loss or damage caused by the act or default of the shipper. The defendant offered evidence tending to show that the peaches were inherently defective at the time of shipment. Plaintiff on direct examination testified that one William James superintended packing the car, and that James was agricultural agent for the Louisville & Nashville Railroad Company; and on cross-examination witness stated that what James did was at his request.

[1] There was no reversible error in the refusal of charge No. 2, as it stated no proposition of law, nor was the question of agency referred to involved in any of the issues presented upon the trial.

[2] The defendant interposed no defense to the effect that the car had not been properly loaded, but confined the defense to the negligence of the plaintiff in delaying the shipments when reconsignments were ordered in connection with inherent defects in the fruit. Charge No. 3, requested by the defendant, was properly refused, as it assumes as a matter of fact the inherent disease of the peaches as well as the negligence of the plaintiff; these being questions upon which the evidence was in conflict. 4 Michie, Dig. 339.

[3] There was an exception reserved to the following part of the oral charge:

"If so, gentlemen, the plaintiff would be entitled to recover, and the measure of his damages would be the number of crates of peaches that were in that car which was shipped from Atmore at $2.50 to $2.75 per crate."

Upon exception being reserved to this portion of the charge upon the ground, in substance, that it invaded the province of the jury, the trial court stated in his directions to the jury to the effect, upon this point, that according to his recollection only one witness, a Mr. Freys, testified as to the market value of peaches on that date, but that was a matter for the jury to determine. We think, however, this instruction overlooks the testimony of plaintiff himself, who, while on direct examination, stated the market value at Atmore was $2.50, yet on cross-examination he testified that he had bought them for $1.75 at Jones' Mill, which was 35 miles from Atmore, and that the difference in the market value of the peaches as between Jones' Mill and Atmore would be the freight from one place to the other, and that he was governed by the Atmore market in buying at Jones' Mill; further, that the freight on these peaches from Jones' Mill to Atmore was $68. All of which was testified to without objection.

It appears therefore that under this evidence the jury could have found that the market value of the peaches at Atmore was less than the price first stated. Such being the condition of the evidence, we are of the opinion that the exception to that portion of the oral charge was well taken, and for this error the judgment must be reversed. Under the circumstances here shown, the case of Comer v. Way, 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93, cited by counsel for appellee, is without influence. See, also, Zimmern v. Southern Ry.; post, p. 169, 92 South. 437.

[4] Counsel for appellant argue the question as to whether or not interest should be allowed; but opposing counsel insist that the question is not presented. To this we agree, for it nowhere appears in the record that the point was raised in the court below by any motion, exception to the oral charge, or any instruction. The assignment of error touching upon this question therefore appears to be without support in the record.

For the error above indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.