## HUDGENS v. BOLES. (4 Div. 980.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied June 30, 1922.)

1. Highways ⬉183—Auto owner held not delinquent as to license tax not paid, so that he was not a trespasser and could sue for damages to auto in a collision.

Acts 1919, p. 442, § 366, provides that the auto license tax due, under section 361, on October 1st, is not delinquent until November 1st, and hence, where a collision of which plaintiff complained occurred on a highway on October 19th, he was not a trespasser violating section 367, making it a misdemeanor to do any act for which a license is required, and he could sue for damages to his auto.

2. Master and servant ⬉332(1)—Agency of automobile owner's son driving held for jury.

In an action for negligent injury by defendant's automobile, the refusal of the general affirmative charge to defendant because his minor son was driving without his knowledge was not error where there was evidence that defendant was accustomed to let his wife and daughter use the car, and on such occasions the son would drive it, and was driving for himself and his elder sister.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by J. J. Boles for damages against J. J. Hudgens. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

E. O. Baldwin, of Andalusia, for appellant.

The appellee not having taken out license as required by the revenue act of 1919, he was a trespasser. 16 Ala. App. 360, 77 South. 972; 25 Cyc. 623. The defendant was entitled to the general affirmative charge, since there was no evidence that the son of the defendant, in driving the automobile, was acting as the agent or servant of the defendant. 205 Ala. 470, 88 South. 588; 205 Ala. 130, 87 South. 18.

Thigpen, Murphy & Jones, of Andalusia, for appellee.

Plaintiff was not trespasser, since license was not delinquent until November 1st. Acts 1919, p. 442; 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; 162 Ala. 438, 50 South. 381, 136 Am. St. Rep. 52; 205 Ala. 170, 87 South. 846. The affirmative charge should not be given, where there is any evidence, however slight, to the contrary. 166 Ala. 482, 52 South. 86; 161 Ala. 259, 49 South. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636; 193 Ala. 669, 69 South. 530.

SAYRE, J. Plaintiff's (appellee's) automobile was damaged by collision with defendant's automobile on a public highway. A jury found that the negligence of the driver of defendant's machine was the sole proximate cause of the collision and awarded damages accordingly. Defendant urges two propositions for a reversal of the judgment.

[1] In the first place, he says plaintiff was a trespasser upon the public highway with his machine and not entitled to maintain this action for damage done to it for the reason that he had not paid the license tax provided by schedule 6 of section 361 of the revenue act approved September 15, 1919 (Acts 1919, p. 397), and section 367 of the same act makes it a misdemeanor to do any act for which a license is required by law without first having taken out a license. As to this contention it needs only to be said that in all proceedings under the act, including, specifically, criminal proceedings against delinquent taxpayers, the statute (section 366 of the act) provides that license taxes, due October 1st, shall not be delinquent before the 1st of November of each year. The collision of which plaintiff complained occurred October 19th, so that at the time plaintiff had not incurred any of the disabilities attached to delinquency. See, also, B. R., L. & P. Co. v. Ætna Co., 184 Ala. 601, 64 South. 44; Gilman v. Central Vermont Ry. Co. 93 Vt. 340, 107 Atl. 122, 16 A. L. R. 1108.

[2] In the second place, the court's refusal of the general affirmative charge to defendant is assigned for error. The request for this charge was based upon the proposition that the evidence showed without dispute that defendant's car was being operated by his minor son and without defendant's knowledge of the fact, as it unquestionably did. But there was some evidence sufficing to bring the case within the rule of Erlich v. Heis, 193 Ala. 669, 69 South. 530, for that it tended to show that defendant was accustomed to let his wife and daughter have the use of the car and on such occasions the son would drive it for them, or, on the theory that such use of the car was defendant's business, for him. On the occasion in ques-

tion the son was driving the car for himself and his elder sister, though, as he testified, the trip was "mostly his." The court has thought the decision in Erlich v. Heis was not in conflict with the rulings in Parker v. Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87, and Armstrong v. Sellers, 182 Ala. 582, 62 South. 28, later followed in Gardiner v. Solomon, 200 Ala. 115, 75 South. 621, L. R. A. 1917F, 380, and, if it is not, this case was properly submitted to the jury.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.