(104 So. 250)

### JOHNS UNDERTAKING CO. v. HESS-STRICKLAND TRANSFER & STORAGE CO.   (6 Div. 368.)

(Supreme Court of Alabama.   April 23, 1925.)

**1. Witnesses �köm388(2) — Question whether truck driver, immediately after accident, stated he could not stop truck, not proper impeachment, in absence of predicate.**

Question whether driver of truck, at the time and place, and immediately after accident, stated that he could not stop truck, was not proper for impeachment, in absence of a predicate.

**2. Appeal and error ⊙⊸231(3) — Where evidence admissible for particular purpose, ruling thereon not reversed as against general objection to its introduction.**

Where evidence is admissible for one of two purposes, within issues, and is offered without restriction to purpose for which it is admissible, and objection is general, ruling thereon will not be reversed.

**3. Trial ⊙⊸255(4)—Party objecting to evidence must invoke court's action so that evidence set out with proper limitations.**

Party objecting to admissibility of evidence must invoke court's action, so that evidence may be set out before jury with proper limitations.

**4. Evidence ⊙⊸121(1)—Declaration of third persons must be spontaneous to render it admissible as res gestæ.**

Declarations of third persons, to be considered as part of res gestæ, must be part of transaction, and under such circumstances as that their spontaneity is assured.

**5. Evidence ⊙⊸123(11)—Truck driver's statement that he could not stop truck not competent as res gestæ.**

Statement of truck driver immediately after accident that he could not stop truck was merely narrative of transaction which was really and substantially past, and was not competent as res gestæ.

**6. Damages ⊙⊸174(1)—Admission of testimony as to effect of warping of welded crank case held not reversible error, where it tended to show nature of damage and depreciation in value of automobile.**

In action for damages to plaintiff's truck from collision, admission of questions and answers as to effect that warping of welded crank case would have, and probability of it warping, held not reversible error, when considered with other evidence, as such testimony tended to show nature of damage and depreciation in market value of truck.

**7. Damages ⊙⊸174(1)—Admission of expert testimony as to depreciation in market value of truck damaged in collision held not error.**

In action for damages to plaintiff's truck from collision, admission of expert testimony as to depreciation in market value of truck by reason of repairs which might be defective, and as to market value of new truck, as basis of market value of truck before and after its damage, was proper.

**8. Appeal and error ⊙⊸1050(1)—Admission of testimony that scene of collision was busy thoroughfare held not reversible error, where similar testimony previously admitted without objection.**

Where defendant's witnesses, on cross-examination, had testified without objection that streets where collision occurred were important thoroughfares, held that no reversible error resulted in permitting plaintiff's witness to state that he knew that such streets were busy thoroughfares.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by the Hess-Strickland Transfer & Storage Company against the Johns Undertaking Company, resulting from a collision by defendant's ambulance with plaintiff's truck on a city street. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Stokely, Scrivner, Dominick & Smith and J. M. Gillespy, Jr., all of Birmingham, for appellant.

Declarations of the truck driver, made immediately after, and at the time and place of, the accident, were admissible as of the

---

⊙⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

res gestæ. Standard Oil Co. v. Douglass, 18 Ala. App. 625, 93 So. 286; Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470. A. C. G. & A. v. Heald, 178 Ala. 636, 59 So. 461. And, if not of the res gestæ, were admissible after predicate to impeach. Bradley v. Lewis, 211 Ala. 264, 100 So. 324; Franklin v. State, 18 Ala. App. 374, 92 So. 526; Speakman v. Vest, 152 Ala. 623, 44 So. 1021. Evidence of value a considerable time before or after the time in question is not admissible, in the absence of evidence that the value remained the same. Burgin v. Marx, 158 Ala. 633, 48 So. 348; Hensley v. Orendorff, 152 Ala. 599, 44 So. 869; Grant v. Hathaway, 118 Mo. App. 604, 96 S. W. 417. Witnesses should not be allowed to state conjectures based on facts not in evidence. L. & N. v. Banks, 132 Ala. 471, 31 So. 573.

J. P. Mudd, of Birmingham, for appellee.

Where the purpose of a question is not shown, the trial court will not be put in error for sustaining objection. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. Evidence offered for impeaching purposes should be so limited when offered. Archer v. Sibley, 201 Ala. 495, 78 So. 849; W. U. Tel. Co. v. Favish, 196 Ala. 4, 71 So. 183. A predicate is necessary for impeachment evidence. Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486, Evidence admissible for a particular purpose is not subject to a general objection. Davis v. Morgan County, 209 Ala. 343, 96 So. 473; Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354. The trial court has discretion in the admission of evidence of the loss of market value. Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; F. W. Bromberg & Co. v. Norton, 208 Ala. 117, 93 So. 837; B. R., L. & P. Co. v. Hinton, 157 Ala. 630, 47 So. 576.

THOMAS, J. The complaint contained counts based on simple negligence and wanton conduct. The trial was without a jury, and resulted in judgment for plaintiff.

[1-3] The question, "I will ask you, then, did the driver of the truck at the time and place, and immediately after the accident, state to you that he couldn't stop the truck?" was not proper for impeachment, in the absence of a predicate. Lester v. Jacobs (Ala. Sup.) 103 So. 682.[1] And where evidence is admissible for one of two or more purposes, within the issues, and is offered without restriction or limitation to the purpose for which it is admissible, and the objection is general, the ruling thereon will not be reversed. Western U. T. Co. v. Favish, 196 Ala. 4, 71 So. 183; Davis v. Tarver, 65 Ala. 98; Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 770; Archer v. Sibley, 201 Ala. 495, 78 So. 849; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. That is to say, where evidence is admissible for a particular

[1] 212 Ala. 614.

purpose, the court cannot be placed in error for receiving it by a mere general objection to its introduction. Barfield v. Evans, 187 Ala. 579, 65 So. 928. It is the duty of the party objecting to invoke the court's action so that the evidence may be set before the jury with the proper limitations.

[4, 5] Declarations of third persons, to be considered as a part of the res gestæ must be a part of the transaction and under such circumstances as that their spontaneity is assured—"were free from all suspicion of device, premeditation or aforethought." Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 391, 80 So. 470, and authorities; A. C. G. & A. Ry. Co. v. Heald, 178 Ala. 636, 59 So. 461. The declaration called for was merely narrative of a transaction which was "really and substantially past," and was not competent as res gestæ. Stoudemire v. Davis, 208 Ala. 495, 94 So. 498; B. & A. Ry. Co. v. Campbell, 203 Ala. 296, 299, 82 So. 546; Bradley v. Lewis, 211 Ala. 264, 100 So. 324; A. C. G. & A. Ry. Co. v. Heald, supra; A. G. S. R. R. Co. v. Hawk, 72 Ala. 112, 117, 118, 47 Am. Rep. 403.

Plaintiff propounded to the witness Brideshaw, over the objection of defendant, the questions: "There is always danger when a crank case is welded in finding it warped after it is welded, is there not, no matter how carefully done?" "It might though?" The respective answers were: "Of course there is a danger of it warping, but if it warped you can tell it before you assemble it. If it don't warp, it wont likely warp afterwards." "I never have had it."

The witness Turrentine had testified on redirect examination that the crank case was welded; that, if a welded job is successful, it will hold up fairly well, but, if not, "may give you trouble"; that it is difficult to tell by looking at it whether it is successful or not; that as to whether a welded job is "likely to hold up as a new job * * * is a gamble"; and that a car with welded crank case will not bring as much on the market in a resale as a car without a welded crank case.

[6, 7] Mr. Brideshaw then qualified as "an expert, stated that he saw the truck belonging to plaintiff, testified to the necessary and reasonable repairs and costs thereof, the price of a new crank case, and the nature and office of that part of the truck, explained how that crank case was welded. When the two questions and answers are considered together and with the other evidence, no reversible error intervened in said affirmative and negative answers made by the witness Brideshaw. It is true there was no evidence that the instant crank case, after being welded, was warped—yet the questions tended to show the nature of the damage and depreciation in the market value of the truck. The case of L. & N. R. R. Co. v. Banks, 132 Ala.

47, 31 So. 573, which is cited, holding that it was not error to refuse a hypothetical question not based on the particular facts of the case, contained no ascertainment of value based upon opinion evidence. Plaintiff was merely attempting to give the jury the facts that entered into the depreciation of market value. After qualifying as an expert, the witness Turrentine stated the market value of a new truck at Birmingham (Burton & Sons Co. v. May [Ala. Sup.] 102 So. 46 [2]) from which to proceed in the finding and declaration of the market value of the subject-matter of damage in this suit, immediately before and after its damage—it not being rendered worthless by reason of its said damage (Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354; Davis, Agent, v. Morgan County, 209 Ala. 343, 96 So. 473). There was no error in permitting the witnesses Hess, Turrentine, and Brideshaw to give opinion evidence of the market value, as was done on the trial. There is no hard and fast rule imposed upon trial courts in the admission of evidence upon which a reasonable and fair judgment of the loss or damages in the market value may be ascertained. Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837, 840; Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354.

[3] No reversible error resulted in permitting the witness Hess to answer that he knew Twenty-Sixth street and Eighth avenue were busy thoroughfares in the city of Birmingham, and the refusal to exclude the same on grounds that it was not in rebuttal. Defendant's truck driver had given testimony to like effect, and, though the question was not more specific as to the time of the accident, we do not find reversible error as to defendant, whose witness on cross-examination had given, without objection, the specific facts of the place at the time of the collision—that the streets were important thoroughfares, referring, by this, to the volume of traffic thereon.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

