(100 South. 324)

BRADLEY et al. v. LEWIS.　(6 Div. 137.)

(Supreme Court of Alabama.　May 15, 1924.)

1. Evidence ⚖⇒471(13)—Witness' statement that wife was nervous wreck held not opinion.

In personal injury action, husband's statement as to wife's condition, that "you might call her a nervous wreck," held not to be forbidden opinion or conclusion, but restatement that she had been very nervous.

2. Trial ⚖⇒95—Motion to exclude testimony that wife was nervous wreck held not error, though additional part of answer was improper.

In personal injury action where husband, testifying as to wife's condition since injury, stated that "you might call her a nervous wreck from it," notwithstanding added words "from it" invaded jury's province as to issue, where motion to exclude included only "the nervous wreck" part, there was no error in failing to sustain it.

3. Carriers ⚖⇒317(5)—Excluding irrelevant report of car inspectors as to condition of car step not error.

Where injury was alleged to have been caused by defect in floor of street car and not in the step, excluding report of car inspectors made a week after injury was not error.

4. Evidence ⚖⇒359(1)—Excluding irrelevant photographs of condition of car step not error.

When plaintiff's shoe was caught by a place in the floor of a street car and not by the step, excluding photographs offered solely to show condition of the step at time of the accident was not error.

5. Evidence ⚖⇒359(3) — Photographs inadmissible in absence of proof of identity of conditions at time of accident and at time when they were taken.

In personal injury action where defendant failed to establish identity of condition at the time accident occurred and when photographs were made several weeks thereafter, excluding photographs was justified.

6. Evidence ⚖⇒244(15)—Witnesses ⚖⇒379(1) —Conductor's admissions not admissible as original evidence, but admissible to impeach him.

Admissions or declarations of street car conductor after accident, and not part of res gestæ, were inadmissible as independent evidence, but, being contradictory of his evidence as witness, were admissible after predicate was laid to impeach or contradict him.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for damages by Edith Lewis against Lee C. Bradley and J. S. Pevear, co-receivers of the Birmingham Tidewater Railway Company. Judgment for plaintiff, and defendants appeal. Affirmed.

The case was tried upon count 1, charging simple negligence on the part of defendant in and about the carriage of plaintiff as a passenger on one of its street cars, resulting in personal injury to plaintiff.

It appears from the evidence that plaintiff was a passenger on one of the street cars of the defendant; that when she started down the steps, her heel caught on a "defective part of the iron on the car," and she was thrown to a sitting position on the edge of the car.

On cross-examination by plaintiff of the conductor in charge of the car at the time of the accident, this witness testified that when Mrs. Dabner, a passenger, left the car, he and she did not examine the metal in the floor of the car; that he did not talk to her; and that he did not tell her the "thing would cause anybody to fall" and he was going to have it fixed right away.

Mrs. Dabner, being called by the plaintiff, was asked whether she and the conductor examined the floor of the car and the "jagged place of metal," and was asked what the conductor said to her when they made the examination. Counsel for defendant objected, counsel for plaintiff stated the testimony was offered for the purpose of impeachment only, the court overruled the objection, defendant excepted, and the witness answered:

"We got down on the ground together and examined it, and * * * he said, 'No wonder.' He said, 'It would trip anybody,' and says, 'I will have it attended to.'"

Defendant's motion to exclude this answer was overruled.

Tillman, Bradley & Baldwin, A. Key Foster, and T. A. McFarland, all of Birmingham, for appellants.

The statement by appellee's husband, who is not a physician, that appellee is a nervous wreck from the accident complained of, should have been excluded on motion of appellant. L. & N. Co. v. Landers, 135 Ala. 504, 33 South. 482; Brandon v. Progress Dist. Co., 167 Ala. 365, 52 South. 640; L. & N. v.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lee, 140 Ky. 91, 130 S. W. 813; Macon Ry. & L. Co. v. Mason, 123 Ga. 773, 51 S. E. 569; Atlanta S. R. Co. v. Walker, 93 Ga. 462, 21 S. E. 48; Deppe v. A. C. L., 154 N. C. 523, 70 S. E. 622; Ala. C. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686; Scales v. Central I. & C. Co., 173 Ala. 639, 55 South. 821; Lawrence v. Kaul Lbr. Co., 171 Ala. 300, 55 South. 111; Taylor v. State, 41 Tex. Cr. R. 148, 51 S. W 1106; Lakey v. State, 206 Ala. 180, 89 South. 605; W. U. Tel. Co. v. Cleveland, 169 Ala. 131, 53 South. 80, Ann. Cas. 1912B, 534; L. & N. v. Sharp, 171 Ala. 212, 55 South. 139; Interstate Amusement Co. v. Martin, 8 Ala. App. 481, 62 South. 404; Furbush v. Maryland Cas. Co., 131 Mich. 234, 91 N. W. 135, 100 Am. St. Rep. 605. The court erred in not admitting the photographs of Tidewater car No. 18. taken a few days after the accident complained of occurred. L. & N. R. R. Co. v. Hall, 91 Ala. 112, 8 South. 371, 24 Am. St. Rep. 863; Higgs v. M., St. P. & S. S. M. Ry. Co., 16 N. D. 446, 114 N. W. 722, 15 L. R. A. (N. S.) 1162, 15 Ann. Cas. 97; Hughes v. State. 126 Tenn. 40, 148 S. W. 543, Ann. Cas. 1913D, 1262; L. & N. v. Brown, 127 Ky. 732, 106 S. W. 795, 13 L. R. A. (N. S.) 1135; Maynard v. Oregon R. Co., 46 Or. 15, 78 Pac. 983, 68 L. R. A. 477; Dyson v. N. Y. & N. E. Co., 57 Conn. 9, 17 Atl. 137, 14 Am. St. Rep. 82; Baustain v. Young, 152 Mo. 317, 53 S. W. 921, 75 Am. St. Rep. 462; Beardslee v. Columbia Tp., 188 Pa. 496, 41 Atl. 617, 68 Am. St. Rep. 883; K. C. M. & B. v. Smith, 90 Ala. 25, 8 South. 43, 24 Am. St. Rep. 753; 10 R. C. L. 1158. The alleged subsequent statement of a conductor respecting a prior accident is outside the scope of his employment, hearsay, and inadmissible under any theory. So. Ry. v. Fricks, 196 Ala. 61, 71 South. 701; Bennett v. Hoffman (C. C. A.) 289 Fed. 797; A. G. S. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Luby v. Hudson R. R. Co., 17 N. Y. 131; Adams v. Hannibal & R. Co., 74 Mo. 553, 41 Am. Rep. 333; Bank of Phœnix v. Taylor, 196 Ala. 665, 72 South. 264; Brittain v. Vickers, 209 Ala. 391, 96 South. 438.

Black, Harris & Foster, of Birmingham, for appellee.

Where a ruling is made by the trial judge, and no exception reserved, nothing is presented for review. Hale v. Helms, 17 Ala. App. 62, 81 South. 841; Am. Ry. Exp. Co. v. Barnes, 18 Ala. App. 295, 91 South. 912; Gen. Elec. Co. v. Ft. Deposit, 174 Ala. 179, 56 South. 802. Photographic reproductions of a scene, taken many days after an event, are not admissible unless conditions were the same when the pictures were taken as the conditions surrounding the event. 10 R. C. L. 1158; 22 C. J. 919. The fact of agency does not prevent a witness from being impeached by a contradictory statement. Central of Ga. v. Rutland, 4 Ala. App. 405, 59 South. 188; So. Ry. v. Smith, 177 Ala. 367, 58 South. 429; 40 Cyc. 2687.

ANDERSON, C. J. [1, 2] The husband of the plaintiff was asked while a witness:

"What has been her nervous condition since the injury? A. She has been very nervous. You might call her a nervous wreck from it."

Counsel for the defendant moved to exclude "the nervous wreck part." The court overruled the "objection" and noted an exception, though the record does not disclose an exception by counsel. While the court ruled on an "objection" which was not made instead of a "motion" which was made and noted an exception, which the record does not affirmatively show was made by counsel, we may concede that the ruling had reference to the motion to exclude and that there was an exception to the ruling. The motion to exclude went only to "the nervous wreck part" of the reply, not to the first or last portion of the answer. It was, of course, error for the witness to have added the words "from it," as that invaded the province of the jury as to the issue in the case; but the motion to exclude stated only "the nervous wreck part," and did not point out this part of the answer, which the trial court would no doubt have excluded, as the record recites that the trial judge did not hear the words "from it" and which were not mentioned or included in the motion to exclude. This, therefore, brings us to the determination of whether or not it was error for not excluding "you might call her a nervous wreck." Witness had just stated "she was very nervous," and we think that the further statement that she might be called a nervous wreck was, in effect, a restatement or emphasis of the first statement and was not a forbidden opinion or conclusion. In fact, to speak of persons who are extremely nervous as a "nervous wreck" is of ordinary or common parlance, indicative of a highly nervous or excitable condition, and we do not think that the trial court erred in failing to sustain the motion to exclude in the form in which it was made.

[3] The trial court cannot be put in error for excluding the report of the car inspectors of June 15th as to the condition of the step. It may be questionable as to whether conditions were so identical when the inspection was made and when the injury occurred as to make the result of said inspection competent evidence, or whether or not the report had been so identified and verified by witness Pitts as to make it an admissible memorandum in connection with his testimony; but we prefer to justify the action of the court upon a broader and more meritorious ground. The plaintiff's evidence shows that she lost her shoe heel and fell before descending to the step; that the shoe heel

got caught by a "jagged or snagged" place in the floor of the car, and not the step or steps. In other words, the only defect shown was in the floor of the car and not the step. Indeed, the plaintiff testified that she did not see anything wrong with the step, and Mrs. Dabner testified that the shoe heel was caught under a jagged piece of metal on the floor of the car. Therefore the condition of the step when the inspection was made a week later was not relevant.

[4, 5] For the same reason, the trial court did not err in excluding the photographs when offered solely to show the condition of the steps at the time of the accident. Nor was there error in excluding them when offered for the purpose of showing both the condition of the step and the "immediate floor where it is claimed the accident occurred." It being irrevelant as to the step this should have been disconnected from the other, especially in view of the fact that the court offered to admit the photographs to show the general construction of the car and defendants' counsel preferred offering them for a limited or restrictive purpose. Moreover, we think the exclusion of the photographs can be justified because of the failure of the defendant to establish an identity of conditions at the time the accident occurred and when the photograph was made several weeks afterwards.

[6] The admissions or declarations of the conductor after the accident, and not a part of the res gestæ, were, of course, not admissible as original or independent evidence; but, being contradictory of the evidence given by him as a witness, were admissible after a predicate had been laid for the purpose of impeachment or contradiction. We cannot put the trial court in error for refusing the motion for a new trial under the long recognized and often followed rule laid down in the case of Cobb v. Malone, 92 Ala. 630, 9 South. 738.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.