167 So. 298

## MOBILE LIGHT & R. CO. v. NICHOLAS.

### I Div. 875.

Supreme Court of Alabama.

March 5, 1936.

Rehearing Denied April 23, 1936.

Smith & Johnston, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

KNIGHT, Justice.

This is a suit by a father for the death of his minor child under the Homicide Act (Code 1923, § 5695).

The case was submitted to the jury under three counts of the complaint. Count 1, as amended, ascribed the death of plaintiff's intestate, a child under seven years of age, to a wanton wrong by an agent or servant of the defendant, while acting within the line and scope of his employment in the operation of one of defendant's street cars. Counts 2 and 5, each, charge simple negligence. In count 5 the death of plaintiff's intestate is charged to the negligent failure of defendant's agent or servant to sound the alarm, with which said car was equipped, to warn the deceased of the approach of the car. It is alleged, in this count, that the negligent failure of defendant's agent or servant to sound the alarm proximately caused the collision between the car and plaintiff's intestate, and from which collision the plaintiff's intestate received his fatal injuries.

The case was tried upon the plea of the general issue. There were verdict and judgment for plaintiff, fixing the damages at $5,000. From this judgment defendant appeals.

The defendant on March 29, 1933, and for a long time prior thereto, owned and operated a street car line from the city of Mobile, northwardly through the village of Toulminville to Pritchard, Whistler, and other points.

In the village of Toulminville, there is a public avenue called Wilson avenue. This avenue was dedicated to public use by J. Howard Wilson, the owner of the land, in 1902, by proper instrument recorded in the office of the judge of probate of Mobile county. This highway as dedicated was 60 feet wide. Thereafter, Wilson and wife, on July 25, 1905, conveyed to the defendant, to be used as a right of way for its street car track, a strip of this avenue 24 feet wide, the center line of which is the center of Wilson avenue, and upon which the defendant constructed its street car tracks. At the point where the accident occurred, the defendant maintains two lines of tracks, one for northbound and the other for southbound cars. There is some little distance between the east rail of the west track and the west rail of the east track. The whole

of Wilson avenue, as originally dedicated, is used by the public constantly, whether traveling on foot or by vehicle, and the defendant's rails are imbedded in this highway.

The plaintiff's intestate, who was under the age of seven years, was killed on the 29th or 30th day of March, 1931, by one of defendant's street cars going north, at a point on Wilson avenue, in or near Toulminville, Mobile county, between Branch street and Osage street.

It abundantly appears from the evidence that Wilson avenue was straight for quite a distance in either direction from the point where the accident occurred, and there was nothing to obstruct the view of the motorman for several hundred feet when and as he approached the point where the injury occurred.

■ No insistence is made here that the defendant was entitled to the affirmative charge under any of the counts of the complaint, through the record shows that such charges were requested. We are, therefore, warranted in treating such charges, though assigned for error, as waived. Howell v. Dodd, 229 Ala. 393, 157 So. 211; Rayburn v. Guntersville Realty Co., 228 Ala. 662, 154 So. 812, 93 A.L.R. 1055; Meadors v. Haralson, 226 Ala. 413, 147 So. 184; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

■ Appellant's sixteenth assignment of error, and which is first treated in brief, presents for review the trial court's action in giving, at the request of plaintiff, charge numbered 4 in the record. The insistence here is that this charge is defective in two material particulars: First, that it places upon the motorman of a street car an absolute duty to avoid injuring a child, regardless of whether such motorman exercises the degree of care requisite to the discharge of his legal duties; and, second, that it entirely omits any consideration of the suddenness with which such child may have come into dangerous proximity to, or upon, the track of the defendant. That, in fact, the charge was equivalent to the affirmative charge against the defendant. We are not so impressed. An analysis of the charge will, we think, demonstrate its soundness, as applicable to the case as made by the pleading and evidence.

This charge deals with the duty of a motorman, operating a street car over tracks imbedded in a public highway, when

he is approaching a place, where he knows some child is *likely* to be upon the track, or to be approaching the track in dangerous proximity. In such circumstances, it is, and must be held to be, the duty of such motorman to keep his car under such control as will enable him to avoid injuring a child under the age of seven years, who may be upon or approaching the car in dangerous proximity, *and within the line of his vision.*

A child under seven years of age is conclusively· presumed to be incapable of exercising discretion and judgment. Against such an infant contributory negligence cannot be pleaded. The motorman must be held to know of the lack of discretion and judgment of an infant under seven years of age, and it is his duty at once to put his car under such control as to enable him to immediately stop it if necessary to avert injury to such a child. So, if the motorman in charge of defendant's street car knew, when he was approaching the place where the injury occurred, that some child under seven years of age was likely to be upon the track at that place, or in dangerous proximity thereto, it was the imperative duty of such motorman to keep his car under such control as would enable him to avoid injuring a child of seven years of age. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Anniston Electric & Gas Co. v. Rosen, 159 Ala. 195, 202, 48 So. 798, 801, 133 Am.St.Rep. 32; Pratt Coal & Iron Co. v. Brawley, 83 Ala. 371, 3 So. 555, 3 Am.St.Rep. 751.

A motorman so circumstanced cannot gamble upon being able to stop his car after he actually sees a child in such dangerous position. His duty does not arise, under the circumstances outlined in the charge, only after he becomes *actually aware* of the presence of the child upon the track, or in dangerous proximity thereto, but the fact that he is driving into a zone *where he knows* that children are likely to be upon the track, or in dangerous proximity thereto, fastens the duty upon him *to observe due caution* to conserve the safety of such children. The charge may possess a misleading tendency, in that it refers in one place to some child, whether seven or seventeen years of age, and not to some child under seven years of age; but if it was thought to have a tendency to mislead the jury, an explanatory charge should have been requested. We will not reverse the case for giving this charge.

It is next insisted that the court committed error to reversal in giving plaintiff's requested charge 5. This charge also asserts a sound proposition of law. A child under seven years of age cannot be charged with contributory negligence to defeat recovery in an action brought by him to recover for personal injuries, which were proximately caused by the negligence of the defendant. Such a child has capacity to exercise only such care and self-restraint "as belongs to childhood." No contributory negligence, *no fault on his part,* can be pleaded by a defendant, when sued by the child for personal injuries. It is no answer, in such a suit, for the defendant to plead that the infant contributed to his own injury, and therefore the defendant is excused for its negligence. Jones v. Strickland, 201 Ala. 138, 77 So. 562; International Harvester Co. v. Williams, 222 Ala. 589, 133 So. 270, 274; Birmingham Ry., Light & Power Co. v. Landrum, 153 Ala. 192, 45 So. 198, 127 Am.St.Rep. 25.

Notwithstanding the fact that no contributory negligence of the plaintiff's intestate could be pleaded to defeat recovery, yet this did not, in any way, relieve the plaintiff of the burden of proving that the injury and death of his intestate was proximately caused by the negligence of the defendant. If the defendant's servant was not guilty of negligence which proximately caused the death of plaintiff's intestate, there could be no recovery. In other words, if the deceased brought about his own death, and there was absent any actionable negligence on the part of defendant's motorman, the defendant would not be liable. In this connection, we approve, as here pertinent, the following statement of the rule in the case of International Harvester Co. v. Williams, supra: "Moreover, in the absence of evidence showing the boy was above the average for his age, in care, judgment, and discretion, his act cannot be said to be negligent, nor was it otherwise wrongful, and it is well settled that where the original act was wrongful, and would naturally and according to the ordinary course of events prove injurious to another, and does result in injury through the intervention of causes which are not wrongful, the law refers the injury to the wrongful or tortious act. Thompson v Louisville & N. R. Co., 91 Ala. 496, 8 So. 406, 11 L.R.A. 146; Burnett v. Alabama Power Co., 199 Ala. 337, 74 So. 459; Cook v. Continental Ins. Co., 220 Ala. 162, 124 So. 239, 65 A.L.R. 921; Birmingham Ry., Light & Power Co. v. Land-

rum, 153 Ala. 192, 45 So. 198, 127 Am.St. Rep. 25."

There was no error in giving at plaintiff's request charge 5.

■■ Charge 3, given at the request of the plaintiff, asserts a sound proposition of law, and the court committed no error in instructing the jury in the terms of this charge. This court has committed itself to the proposition that a motorman, operating an electric street car over a track imbedded in a public highway, when he approaches a place where he knows that people are constantly on or approaching said track, in dangerous proximity thereto, with a view of crossing, is under duty to keep a vigilant lookout for such persons. But, of course, this duty is qualified to the extent that the operator of the car may assume that apparently adult persons will leave, in time to avert injury, the track or dangerous proximity to it. Sheffield Co. v. Harris, supra; Anniston Electric & Gas Co. v. Rosen, supra.

■ The motorman being charged with the duty to keep a vigilant lookout for such pedestrians, and failing to do so, and by this neglect failing to observe the presence of a child under seven years of age upon the track, or in dangerous proximity to it, cannot be excused by showing that he did everything possible to avoid the injury after he actually discovered the child approaching the track and within ten feet of it. This charge does not instruct the jury to find for the plaintiff, under the facts hypothesized, thereby pretermitting consideration of whether the defendant's negligence, if negligent, proximately caused the injury. Nor does it pretend to assert liability by reason of subsequent negligence of the motorman. It rather proceeds upon the theory that there was no subsequent negligence.

■ Charge 2, given at the request of the plaintiff, was defective in that the charge pretermits the element of proximate cause essential to actionable negligence. Adams v. Crimm, 177 Ala. 279, 58 So. 442; Birmingham Ry., Light & Power Co. v. Moore, 163 Ala. 43, 50 So. 115.

■ We are fully persuaded that plaintiff's given charges 9 and 10 assert correct principles of law. Alabama City, G. & A. Ry. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162; Birmingham · Ry., Light & Power Co. v. Brantley, 141 Ala. 614, 37 So. 698; Mobile Light & R. Co. v. Baker, 158 Ala. 491, 48 So. 119. If it may appear that charge 10 had a tendency to mislead the jury in that it was too broad a statement of the rule which requires the motorman to lookout for persons on or in dangerous proximity to the track, yet it also appears the trial court, at the request of the defendant, instructed the jury: "That a motorman is under no duty to keep a lookout for persons away from the tracks of a street railway company, and in a place of safety, but only for persons who are on, near, or in dangerous proximity to the track upon which the street car which he is operating is traveling." With these two charges in hand, we are persuaded the jury properly understood the limits of the duty of the motorman in the particulars set out in plaintiff's given charge 10. Nashville, C. & St. L. Ry. v. Bingham, 182 Ala. 640, 62 So. 111.

■ Charge 48, requested by defendant, asserts a sound proposition of law, and should have been given, and the court erred in refusing said charge.

■ Charges 52 and 54, requested by the defendant, were refused without error. The plaintiff's intestate was a child under seven years of age, and these charges would impute to such child the same degree of discretion and judgment as would be imputed to an adult. Besides, the distance the child was from the tracks is not mentioned, nor does it appear how long before the accident the child was observed in a place of safety. Non constat the child may have been five feet from the track, and therefore technically in a place of safety, yet it would only require a couple of steps to put him in the pathway of death.

■ Likewise we think the court properly refused to charge the jury in the terms of either of defendant's refused charges 43 or 44.

These charges wholly failed to give any definite· directions and limitations to the jury for the assessment of punitive damages. This omission rendered the charges misleading, and for that reason the court was justified in refusing them. Randle v. Birmingham Ry., Light & Power Co., 169 Ala. 314, 53 So. 918; Coleman v. Pepper, 159 Ala. 310, 314, 49 So. 310.

The trial court had properly and fully instructed the · jury in this particular.

■ While juries, in the assessment of punitive damages, are given a discretion in determining the amount of the damages, this discretion is not an unbridled or arbitrary one, but "a legal, sound and honest discretion." In arriving at the amount of damages that should be assessed, due regard should be had to the enormity or not of the wrong, and to the necessity of preventing similar wrongs. In short, the punishment, by way of damages, is intended not alone to punish the wrongdoer, but as a deterrent to others similarly minded.

■ There was no error in refusing defendant's charge 41. The court had fully charged the jury that the only damages they could award were for punishment, and to deter others, and he left no uncertainty in the minds of the jury as to the character of the damages to be awarded. Charge 41 was fully and completely covered by the court's oral charge.

■ The appellant insists that the court committed error in refusing its requested charge 51, and relies for support of its contention mainly upon the case of Nashville, C. & St. L. Ry. Co. v. Harris, 142 Ala. 249, 37 So. 794, 110 Am.St.Rep. 29.

In the above case the child was only nineteen months old, and it appeared that, by reason of its tender age, it had no appreciation of danger whatever. Therefore, it would have been wholly useless to have resorted to any warning signals. In the instant case, the plaintiff's intestate was over six years of age, and it cannot be assumed, as a matter of law, as the charge would seem to require, that the sounding of the gong or the ringing of the bell would have been wholly inefficacious to have brought the child to some sense of the impending danger, and thereby have caused him to pause before coming into contact with the car. Moreover, the charge was purely argumentative.

We are of the opinion that charge 51, requested by the defendant, was refused without error.

■ While defendant's charge 35 asserts a sound proposition of law, it was abstract in this case, and therefore its refusal was justified.

■ Charge 34, if for no other reason, was properly refused for the reason that the evidence in this case, both for plaintiff and defendant, shows that the point where the accident occurred was in a village, where men, women, and children constantly used defendant's right of way as a thoroughfare, in connection with the public avenue, at any and all hours; that the defendant's tracks were imbedded in the avenue; that these facts were fully known to the motorman. In the circumstances, a duty rested upon the defendant motorman, when traversing this point, to keep a lookout for such persons, not simply the duty to exercise reasonable and due care not to injure them after the actual discovery of their peril. There exists, under such circumstances, the antecedent duty of keeping a lookout. He must, under such circumstances, anticipate danger. Lederer v. Connecticut Co., 95 Conn. 520, 111 A. 785; Birmingham Ry., Light & Power Co. v. Jones, 153 Ala. 157, 166, 45 So. 177; Elliott v. Northern Alabama Ry. Co., 222 Ala. 79, 130 So. 775; Illinois Cent. R. Co. v. Martin, 213 Ala. 617, 105 So. 805; Grauer v. Alabama Great Southern R. Co., 209 Ala. 568, 96 So. 915. Plaintiff's intestate, under the evidence, was not a trespasser.

■ Charge 33 was properly refused, as there was no count in the complaint basing recovery upon any failure of defendant to keep its right of way in a reasonable state of repair.

■ The defendant introduced as a witness in its behalf F. F. Rossman, its vice president and general manager. This witness testified that he was familiar with the right of way of the defendant in Wilson avenue; that its width is 24 feet; and it extended 12 feet from the center of Wilson avenue to each side. Thereupon, the defendant propounded to its said witness the following question: "That is owned by the Mobile Light & Railroad Company?" To this question the plaintiff objected, upon a number of grounds, including the ground that it was an attempt to prove the ownership of real estate by "verbal testimony of a witness." The court sustained the objection, and the defendant duly reserved an exception.

The defendant also attempted to prove by this witness that the defendant paid taxes on this right of way, and had done so during the past twenty years. Plaintiff objected to this proffered testimony, and the court sustained the objection.

Whether the court was in error in not allowing this proof to be made, we do not think it. necessary to determine, as the defendant immediately introduced its deed of conveyance in evidence, whereby James Howard Wilson and wife had conveyed this right of way to the defendant on July 25, 1905, and, besides, the undisputed testimony showed that the defendant had its track upon this right of way conveyed to it by the said Wilson and wife. Whether the defendant's tracks were rightfully in what is known as Wilson avenue, we do not think is a material inquiry in this case; for as said by McClellan, J., in the case of Glass v. Memphis & Charleston R. Co., 94 Ala. 581, 10 So. 215, 217: "Railway companies may, and frequently do, acquire the right to lay their tracks in the streets of towns and cities, and, unless the question is raised in a direct proceeding to oust them of the use for this purpose of the streets, the presumption is, as declared by the city court, that they are in rightful occupancy thereof." Besides, this witness had testified that the defendant had a right of way in Wilson avenue, and that its width was 24 feet, and that, "it was 12 feet from the center of Wilson avenue to the side each way." There was no injurious error in the action of the court in its rulings upon the proffered evidence.

It is insisted that there was prejudicial error in the admission of the evidence given by the witness Nicholas, the father of the deceased child, that he could see a little dog running around on the driveway some seven or eight hundred feet back from the place where the child was killed. This witness lived within a short distance from the scene of the accident, and testified that there had been no change in the conditions between the time of the accident and when he made the observation. Aside from the fact that the witness had answered the question calling for this evidence before any objection was offered, we are not impressed that the evidence was injurious to the defendant, whether it was competent or incompetent.

The evidence showed that the accident occurred in daytime, that the track was straight for a long distance on either side of the place where the accident occurred, that there were no obstructions to the view of the motorman, and, further, the defendant, in its answers to interrogatories propounded to it by plaintiff, which were sworn to by the motorman for defendant, and which were introduced in evidence, states that the motorman did see the mother and the smaller child several hundred feet before reaching the point of the accident.

Again the question whether the trial court would admit such evidence is largely discretionary with the court, as observed in our recent case of Atlantic Coast Line Ry. Co. v. Jackson, 225 Ala. 652, 144 So. 813.

The evidence did not, in our opinion, tend to raise any collateral issues. At all events, in the state of the uncontroverted evidence in the case, we do not think the court committed error prejudicial to defendant in admitting the testimony, whether legal or illegal.

We may also observe that, if there were obstructions, which curtailed view, with the motorman's admitted knowledge of the frequent, or constant, use of the track at the place of the accident at all hours, day and night, by pedestrians, men, women, and children, it became more imperative upon the motorman to increase his care, and to approach this zone with greater caution, to conserve the safety of those who might be imperiled. Lederer v. Connecticut Co., 95 Conn. 520, 111 A. 785.

The plaintiff offered in evidence the answers of defendant to interrogatories propounded to it by plaintiff, but, before doing so, moved that the following portion of the answer to the fourteenth interrogatory be stricken: "The motorman did everything humanly possible to stop the car when he saw that the child was running towards the street. 'The ground assigned was: 'That it stated a mere opinion or conclusion and that it constituted incompetent testimony.'" The court sustained plaintiff's motion, and excluded the objected to portion of the answer. In this ruling there was error, whether the statement was, or was not, an opinion or conclusion. Sullivan Timber Co. v. Louisville & N. R. Co., 163 Ala. 125, 50 So. 941; Crymes v. White & Johnson, 37 Ala. 549; Saltmarsh v. Bower, 22 Ala. 221. Whether the error was subsequently cured by the detailed testimony of the motorman, we need not consider.

In view of the fact that the cause must be reversed for the errors above pointed

224

out, it becomes unnecessary to consider defendant's motion for a new trial.

Reversed and remanded.

THOMAS, BOULDIN, and BROWN, JJ., concur.