57 So.2d 76

**ENGEL et al. v. DAVIS.**

6 Div. 319.

Supreme Court of Alabama.

Jan. 17, 1952.

Rehearing Denied March 6, 1952.

London & Yancey, Geo. W. Yancey and Jas. E. Clark, Birmingham, for appellants.

Hare & Parsons and F. B. Irwin, Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a judgment against William Engel, doing business as City Clothing Company, and James Byers (appellants), in favor of John Edward Davis (appellee), a minor who sues by his father and next friend Theodore E. Davis.

The suit is for damages for personal injuries alleged to have been sustained by the plaintiff, who is a minor seven years of age, when through the alleged negligent operation of an automobile by the defendants, he was run over at or near the intersection of 24th Street and 6th Avenue, North, in the City of Birmingham, on September 7, 1950. Error is predicated on (1) the refusal of the affirmative charge for the defendants, (2) the refusal of the affirmative charge for the defendant Engel, (3) the rulings on the evidence and (4) the action of the court in overruling the motion for a new trial.

I. The defendants claim that no case of negligence was made out by the plaintiff. The defendant Byers, agent of the defendant Engel, travelling north on 24th Street struck the plaintiff, a pedestrian going east across 24th Street at the intersection of 6th Avenue, North, and according to tendencies of the evidence, knocked him 48 feet to the northeast corner of the intersection, inflicting the alleged injuries. A public school is located on the southwest corner of the intersection, a playground on the northeast corner and a Federal Housing Office building on the northwest corner. The intersection is controlled by a traffic light which was operating at the time of the accident.

Mrs. Abarado confirmed the testimony of her mother that they started from the northeast corner on the green light across 24th Street to the northwest corner at the same time the boy started from the southwest corner to the southeast corner and that the boy was walking on the green light. When about one-half way across 24th Street, Mrs. Abarado saw the boy likewise one-half way across 24th Street headed for the southeast corner. She testified he was "just walking about like the same pace I was walking." When Mrs. Abarado was about a foot and a half upon the curb, she heard the thud of the car striking plaintiff and turned and saw him skidding across the street to the northeast corner. Byers admitted that when he struck the boy, the boy was about 2 feet north of the cross walk from the southwest corner to the southeast corner. Mrs. Abarado testified that when she looked the car of Byers was then standing parked over on the northeast corner, a distance of about 50 feet from the point of the collision. Mrs. Davis testified that the boy had gotten out of school when the first and second grade children got out at 11 o'clock and Byers testified that he knew the school was there.

Byers admitted that his speed could have been as high as 20 miles per hour. Under § 1239, subsection 2 of the Birmingham City Code there is a speed limit of 15 miles an hour when passing a school while children are going to or leaving school during opening and closing hours. The boy is a minor seven years of age. No contributory negligence is involved. Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298.

But there are other considerations. Byers admitted that "he wasn't running, that he hit him either in the cross walk or within two feet of the cross walk." He testified, "I didn't see the boy until he was right in front of the car." It was raining and misting. The windows of his car were up and his vision was obscured at the left. The windshield wipers, according to Byers, cleared a little space in front of him and so his vision was only in front of him. His vision was obscured in the direction from which school children would approach. He never reduced his speed. The fact that his view was obstructed, does not excuse an inadequate lookout, but on the contrary imposes added duty in that regard. Mobile Light & R. Co. v. Nicholas, supra. Furthermore under tendencies of the evidence, the plaintiff started across the intersection on the green light. It was accordingly the duty of the motorist, assuming this to be true, to wait for the intersection to clear, although the light may have changed to green for the motorist. Duke v. Gaines, 224 Ala. 519, 140 So. 600.

There was no error in refusing the affirmative charge requested by the defendants on the theory that there was no evidence of negligence.

II. The court refused the affirmative charge requested by the defendant William Engel. There is some evidence tending to show that the relationship between James Byers and William Engel was that of independent contractor, but during the progress of the trial counsel for the defendants stated that, "We do not claim that Mr. Byers was an independent contractor. We admit he was an employee, but contend at the time of the accident he was not working in and about the business in which he was engaged; that he was on a personal mission." The distinction between the relationship of independent contractor and that of master and servant has often been stated and needs no restatement here. Greenwald v. Russell, 233 Ala. 502, 172 So. 895.

■ William Engel owns and operates the City Clothing Company and on September 7, 1950, the day of the accident, James Byers was employed by him as a salesman and collector. As part of the employment it was necessary for Byers to use a car in furtherance of his master's business. To this end Byers continuously and regularly used his own car with the knowledge and consent of Engel. It is settled that, "* * * 'If an employee with the knowledge and consent of the employer repeatedly uses an automobile, not owned by the employer, in the latter's business, the employer will be held to have impliedly authorized its use and to be liable for negligence in connection therewith * * *.'" Luquire Ins. Co. v. McCalla, 244 Ala. 479, 13 So.2d 865, 868, 140 A.L.R. 1150.

At the time of the accident, which was about 11:15 in the morning, Byers had merchandise of his employer for the purpose of sale in his car. The time of the accident was within the working hours of Byers and within his sales territory. Byers testified that he stopped work for his employer at 11 A.M. and was on his way to get his child to take him to the doctor's office for a shot. The doctor's office was in Woodlawn and the office of the company was in Avondale. In taking his child to the doctor he could pass right by the office of the company. According to Byers, when he had merchandise in his car which he felt he did not need, he would go back to the office and turn it in for credit and pick out what he did need.

■ Where the servant abandons his master's business for personal reasons, the employment is suspended, and the master is not liable for the negligence of the servant during the suspended employment and during the time of the servant's departure from the master's business. Each case must be governed of course by its own peculiar facts. Bell v. Martin, 241 Ala. 182, 1 So.2d 906, 908. In dealing with the question of the deviation of the servant from his master's business, this court in the case here cited quoted with approval from Ritchie v. Waller, 63 Conn. 155, 28 A. 29, 27 L.R.A. 161, 38 Am.St.Rep. 361, the following: "' "In cases where the deviation is slight and not unusual, the court may, and often will, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury or other trier of such questions." * * *' "

■ We consider that a jury question was presented and that the court acted correctly in refusing the affirmative charge requested by William Engel.

■ III. S. W. Hammett testified that he was a Police Officer of the City of Birmingham and came to the scene of the accident after the accident had occurred. He was asked the following question by the plaintiff: "Q. I want to ask you to state, Officer Hammett, whether or not Mr. Byers there at the scene of the accident told you in substance that he was on duty for the City Clothing Company when the accident occurred?" To this question he answered: "He stated he was on duty for the City Clothing Company, 4104 First Avenue North." The court allowed the

question and answer in evidence on the theory that the testimony was admissible for the limited purpose of impeaching Byers. A proper predicate had been laid for the impeaching evidence. The court expressly limited the evidence to the capacity of impeaching testimony. Furthermore the court instructed the jury in writing in Charges 22–A, 23 and 24 expressly and positively that the testimony was admitted for the purpose of contradicting or impeaching the witness Byers and "is not evidence against the defendant William Engel." There was no error in this ruling. Chandler v. Owens, 235 Ala. 356, 179 So. 256; Bradley v. Lewis, 211 Ala. 264, 100 So. 324; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212.

IV. The court overruled a motion for a new trial and it is contended that the court was in error in this ruling because the verdict should have been set aside on account of its excessiveness and also because the verdict was contrary to the great weight of the evidence. The amount of the verdict was $10,000. The testimony tended to show that the child suffered a broken collar bone, lacerations and wounds about the head in the right temple region and to the left back of his head, abrasions over his right side and right shoulder, resulting in painful manipulations of the right arm and right shoulder. The lacerations on his head extended to the skull and included severance of an artery, resulting in arterial bleeding. The evidence further tended to show a fracture of the skull and concussion of the brain. As a result the child has headaches, has difficulty in sleeping and shows symptoms of failing memory and nervous after effects in the twitching of his eyes.

We are not willing to say that in view of the evidence as to the injuries the verdict was excessive. Central of Georgia Ry. Co. v. White, 175 Ala. 60, 56 So. 574. Nor do we think that the verdict of the jury was clearly contrary to the weight of the evidence. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583. There was, accordingly, no error in overruling the motion for a new trial.

We have reached the conclusion that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.