CRAWLEY, Judge.
In July 1999, Shaun and Sonia Small (the “Smalls”), the minor children of Gary Small, sued William Bradley, alleging negligence and wantonness after they were involved in an automobile accident with Bradley. The Smalls sought compensation for, among other things, their medical expenses, mental anguish, and pain and suffering. Bradley denied the allegations of negligence and wantonness. After a trial, the jury found in favor of Bradley. The Smalls filed a motion for new trial, and the trial court denied the motion after conducting a hearing. The Smalls appeal and raise four issues for review. This case was *852 transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The accident occurred while Bradley was on his way to school. As he approached a hill, he saw one of his friends to his left, and he waved at the friend. When he looked back at the road, he was facing the glare from the early morning sun as he crested the top of the hill. Almost immediately, he noticed that the traffic in front of him had stopped. He was unable to stop in time, and he struck the back of a vehicle, which in turn caused a multi-vehicle accident involving the vehicle driven by Shaun Small. The Smalls were treated for various injuries and sought compensation for their injuries and the damage to their vehicle.
Gary Small filed a complaint in the district court on behalf of the minor children. The district court found in favor of the Smalls. Bradley appealed the decision to the circuit court and demanded a jury trial. Bradley defended against the Smalls’ claims by contending that although he did cause the collision that resulted in the Smalls’ injuries, he should not be held liable because he did not believe he was negligent under the circumstances. Although he denied liability, he testified that he would pay the Smalls’ initial medical expenses.[1] During his testimony, Bradley responded to the following questions:
“Q. You admit that the wreck was your fault, don’t you?
“A. That’s correct.
[[Image here]]
“Q. Did the Smalls do anything wrong to cause that collision?
“A. No.
[[Image here]]
“Q. Let me back up and ask you this, you never denied to anyone that you were responsible for causing this accident, did you?
“A. No.
“Q. You’ve always accepted it from day one that you were responsible for this day, aren’t you?
“A. Yes.
“Q. Can you tell me why your pleadings filed in this lawsuit state that you deny liability for negligence?
“Q. I don’t know.
[[Image here]]
“Q. What caused the accident?
“A. The sun glaring in my eyes and not being able to see the cars in front of me.
[[Image here]]
“Q. But you don’t deny that you did hit the car in front of you when you came up over the hill; is that right?
“A. Yes, ma’am.
“Q. And because of that and because the Smalls had some injury right after that, you’re not denying that you’ll pay for those, are you?
“A. No, ma’am.
“Q. And there’s not a question about property damage in this case, to your knowledge; is that right?
“A. No, ma’am.”
After the presentation of evidence in the circuit court, the jury was excused to deliberate as, to whether Bradley was wanton or negligent and, if so, the amount of damages. During deliberations, the jury notified the judge that it had a question. Without consulting the parties, the judge informed the jury that he was unable to respond to the question. The jury returned to its deliberations and returned a verdict for Bradley.
*853 The Smalls first argue that the trial court failed to inform the parties of a critical jury question and, furthermore, that it erred by not answering the question. The Smalls also contend that the verdict was the result of juror confusion and that it was unjust. The Smalls raised these issues in their motion for a new trial. “Granting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was abused and the record plainly and palpably shows the trial court was in error.” Hill v. Cherry, 379 So.2d 590, 592 (Ala.1980) (citation omitted).
Before we address the merits of the Smalls’ issues we must first consider Bradley’s argument that the Smalls failed to properly preserve this issue for appellate review. Although the Smalls did not object to not being informed of the question at the time of the reading of the verdict, the issue was properly preserved when it was raised in the Smalls’ motion for new trial. See Matthews v. Liberty Mutual Insurance Co., 286 Ala. 598, 606, 243 So.2d 703, 710 (1971), where the court held that, “either an exception must be made to this action of the court or it must be made a ground of motion for new trial.” In Matthews, the jury asked for further instructions after it had retired for deliberations. The trial court, without giving counsel an opportunity to be heard, instructed the jury in the jury room. As was the case here, no objection was made until the filing of a motion for a new trial. Our Supreme Court held that the motion preserved the issue for review. We now focus on the Smalls’ issues.
It is well established in Alabama that, with some exceptions, a trial court is not allowed to address (without counsel’s knowledge) a jury after it has begun deliberations. Our Supreme Court wrote in Matthews v. Liberty Mutual Insurance Co., 286 Ala. at 604, 243 So.2d at 708: “We understand- the general rule to be that the judge may not, in the absence of counsel, further instruct the jury, after their retirement, without making a reasonable effort to notify counsel or without some special circumstances or excuse being shown which reasonably prevented notice.” (Emphasis added.)
The following facts are undisputed. While the jury was deliberating, the trial court’s assistant informed the parties that the jury had a question. The assistant did not at that time tell the parties what the question was. . According to Bradley, after the assistant informed the parties that a question had been asked the assistant “left the courtroom, and when she returned, she advised that the question had been presented to the Judge and that the Judge advised that he would not answer the jury’s question.” (Bradley’s brief, p. 5.) The Smalls state that shortly thereafter the judge and jury reentered the courtroom to render a decision in favor of Bradley. The Smalls contend that on the day after the verdict was rendered the trial court’s assistant informed the Smalls’ attorney of the jury’s question and the fact that the trial court told the jury it could not answer the question. As Bradley admitted in his brief, “the jury asked whether the Defendant would be required to pay some of the medical expenses if the jury ruled in favor of the Defendant.”[2]
*854 After reviewing the record, we cannot say that the trial court made a reasonable effort to notify counsel before it acted on the jury question. Our review shows no indication that the trial court addressed this issue on the record at any time. Furthermore, Bradley confirmed that the jury had a question and that the trial court made no effort to present the question to the parties. A letter written by Bradley’s counsel and included in the record reads, in pertinent part, as follows:
“After our hearing last week in [the trial court], I discussed the issue about the jury question with my secretary, who was present at all times in the Courtroom during the trial. She recalls, as I did, that one of [the trial court’s] assistants reported to us that the jury had a question and that she would report the question to [the trial court]. After contacting him, she advised us and the jury that he could not answer the question presented. I just wanted to clarify to you that there was not an ex parte presentation of the content of the question to us at trial.”
(Emphasis added.)
We hold that the trial court was obligated, and failed, to make reasonable efforts to notify the parties of the jury’s question. The trial court had knowledge that the jury was considering finding in favor of Bradley while at the same time contemplating whether Bradley should be required to pay a portion of the Smalls’ medical expenses. In McKinney v. State, 629 So.2d 807, 808 (Ala.Crim.App.1993), the court held that “while instructions to the jury in the defendant’s' absence are presumptively prejudicial, this may, on some occasions, be harmless error.” We conclude that the trial court’s telling the jury it could not respond to the question did not constitute harmless error in this case.
The jury’s question indicated that the jury was having problems uhderstand-ing the law as instructed by the trial court. Before deliberations, the trial court instructed the jury, “If after a consideration of all the evidence in the case, you are not reasonably satisfied of the truthfulness of the Plaintiffs’ claim, your verdict should be for the defendant. In this event, you would go no further. This would end your deliberations.” Clearly, despite being properly instructed, the jury was confused. “ ‘Where the jury raises an explicit question on a point of law arising from facts over which there is doubt or confusion, the court should attempt to clarify the issue in the minds of the jury members.... “This is true even though the jury was initially given proper instructions.” ’ ” Deutcsh v. State, 610 So.2d 1212, 1218 (Ala.Crim.App.1992).
The trial court should have been aware that the jury’s question indicated it was confused and should have made a reasonable effort to notify the parties or merely to answer the question with a “no” without consulting counsel, as the Court of Criminal Appeals allowed in Matthews. We agree with the United States Court of Appeals for the Tenth Circuit when it said, in Shultz v. Rice, 809 F.2d 643, 650 (10th Cir.1986): “Certainly, a district judge has a duty to guide the jury toward an intelligent understanding of the legal and factual issues it must resolve, particularly when the jury asks a question revealing its confusion over the central issue of a case.” When considering the circumstances in this case, there is little, if any, danger of prejudice to either party by answering the question. “ ‘A trial judge has some obligation to make reasonable efforts to answer a question from the jury. “When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.” ’ ” Deutcsh v. State, 610 *855 So.2d at 1218 (citations omitted). The court in Deutcsh held:
“Reversible error was committed by the trial judge’s failure to adequately respond to the jury’s question and to clarify the confusion concerning the principles of liability involved in this case.”
“Consequently, any ambiguity and uncertainty in the jury’s understanding of the principles of liability involved in this case rendered the decision of the jury virtually meaningless.”
Id. at 1217, 1219. Therefore, based on the foregoing, we reverse and remand for a new trial.
Although we are reversing the trial court’s judgment, because we are remanding this case for a new trial, we will discuss the issue regarding the trial court’s refusal to give a requested jury instruction.
The Smalls argue that the trial court failed to give their requested jury instruction number six, which was a modified version of Alabama Pattern Jury Instructions—Civil, no. 26.08.
“The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties.”
Rule 51, Ala. R. Civ. P.
The trial court gave the unmodified instruction no. 26.08, which reads as follows:
“A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which he could have discovered in time to avoid the injury.
“A driver is also negligent if he sees a vehicle located in a dangerous situation upon a highway and does not then exercise due care to avoid injury.”
The Smalls’ modified version of instruction no. 26.08 reads as follows:
“A driver of a. motor vehicle must keep a lookout for those who are also using the roadway and must exercise due care to anticipate the presence of others upon the roadway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which he could have discovered in time to avoid the injury.
“The fact that a motorist’s view may be obstructed does not excuse an inadequate lookout but, rather, imposes a heightened legal duty on the motorist to keep a proper lookout. That is, if a motorist cannot see clearly, he has no right to presume that the road ahead is free of danger but, instead, he is required to anticipate that some hazard lies immediately beyond his range of vision.”
(Emphasis added.)
The Smalls argued to the trial court that the modified instruction included language taken directly from caselaw as referenced by no. 26.08, Alabama Pattern Jury Instructions—Civil. See Holley v. Josey, 263 Ala. 349, 82 So.2d 328 (1955), and Engel v. Davis, 256 Ala. 661, 57 So.2d 76 (1952). A review of the pattern jury instructions confirms’the Smalls’ argument for the most part, but the term “height *856 ened legal duty” has a different meaning from the term “added duty” as used by the court in Engel. In using the term, “added duty,” the court in Engel cites Mobile Light & Railroad Co. v. Nicholas, 232 Ala. 213, 167 So. 298 (1936), for the proposition that an additional, not heightened, duty is created under certain circumstances. The court in Mobile Light stated:
“In the circumstances, a duty, rested upon the defendant motorman, when traversing this point, to keep a lookout for such persons, not simply the duty to exercise reasonable-and due care not to injure them after the actual discovery of their peril. There exists, under such circumstances, the antecedent duty of keeping a lookout.”
232 Ala. at 222, 167 So. at 305. Instruction no. 26.08, in and of itself, informs a jury of a driver’s duty to keep a lookout. The holding from Engel does not allow the Smalls to assert an increased level of duty owed to them by Bradley. Therefore, we hold the trial court did not err in refusing to give the Smalls’ modified jury instruction.
Because we are reversing the judgment based on the trial court’s failure to inform counsel of the jury’s question, we need not address the Smalls’ remaining issues.
REVERSED AND REMANDED.
YATES, P.J., and MURDOCK, J., concur.
THOMPSON and PITTMAN, JJ„ dissent.

. Bradley states in his brief to this court that after the verdict was rendered he "in good faith paid all the undisputed medical expenses of the [Smalls].”

. The Smalls attempted to show the contents of the juiy's question through juror affidavits. Bradley argues that Rule 606(b), Ala. R. Evid., prohibits the admission of the affidavits. Because Bradley does not dispute the contents of the jury's question, we need not address whether the juror’s affidavits áre admissible.