(130 So. 63)

## BLANKENSHIP v. VAN HOOSER.

### 6 Div. 692.

Supreme Court of Alabama.

June 28, 1930.

Rehearing Denied Oct. 9, 1930.

C. D. Comstock, of Birmingham, for appellee.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellant.

BOULDIN, J.

While count 1 of the complaint does not expressly aver that plaintiff was a customer in defendant's beauty shop, the facts set forth prima facie import such was the case.

A duty of reasonable care not to burn and injure her hair being shown, a general averment that defendant in attempting to curl her hair "so negligently conducted himself that plaintiff's hair was burned and injured" is sufficient.

The evidence showing without conflict that plaintiff was a customer, and the instructions of the court being based throughout on this construction of the count, any technical defect appearing only by construing the count most strongly against the pleader will not work a reversal.

Count 3 alleges plaintiff was a patron in defendant's beauty shop having her hair curled, and "defendant wantonly or intentionally caused the plaintiff's hair to be injured."

Every one owes the duty at all times and in all places not to wantonly injure another. A direct charge that he did so injure plaintiff, with such further averments as sufficiently advise the defendant what transaction or occurrence he is called upon to defend, is sufficient.

Where the quo modo is set out in the pleading, acts which are in themselves evidence of negligence merely cannot be made to serve the purposes of an action for wanton wrong, by qualifying adjectives and the like.

Count 3 is not of this class. Demurrers to counts 1 and 3 were overruled without error.

544

The evidence presented a direct issue of fact. It was a case for the jury.

The jury was not bound as matter of law to take the theory of either party as a whole.

If, as evidence tended to show, defendant had good reason to believe the hair would not take the treatment given, and made a test curl which showed the hair would part like wet paper, and with this knowledge advised plaintiff to take a Mae Murray curl as attempted, it became a jury question whether defendant had such conscious knowledge of probable injury as would constitute wantonness. However improbable a conclusion may be, if supported by evidence, it is for the jury, and not for the court as matter of law.

The evidence discloses such direct supervision by defendant in person as to present a jury question on his personal negligence or wantonness.

The affirmative charge addressed to the case as a whole, and such charges addressed to the separate counts, were properly refused.

The trial court with clarity and exactness defined and reiterated the measure of defendant's duty of care, "that care which a reasonably prudent and skillful person engaged in the same business would exercise under the same or similar circumstances," defined negligence as a failure of such duty proximately resulting in the injury, and placed the burden on plaintiff to prove all these facts.

Refused charges 1, 5, and 6 were covered by the oral charge.

The cause was properly submitted on the plain issue of negligence vel non uncomplicated by any question of assumption of risk as requested in refused charge 3, or by any question of warranty as requested in refused charge 16.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.