206 So.2d 889

**Eva Lou Mason TOWRY**

v.

**Johnny MOORE.**

**8 Div. 237.**

Supreme Court of Alabama.

Jan. 11, 1968.

Bell, Richardson, Cleary, McLain & Tucker, Huntsville, for appellant.

**646**

Ford, Caldwell, Ford & Payne, Huntsville, for appellee.

MERRILL, Justice.

This appeal is from a judgment in favor of plaintiff for $15,000 as a result of defendant's automobile colliding with plaintiff's son who stood near the paved highway and was killed.

Count One, charging simple negligence, alleged that defendant, Joe David Towry, the agent, servant or employee of defendants, Edward Eli Mason and Eva Lou Mason Towry, while acting within the line and scope of his agency, so negligently drove the automobile against the body of the deceased that he was killed. Count Two charged wantonness, but as the verdict was addressed to Count One, we are not here concerned with Count Two. The trial court gave the general charge in favor of defendant, Edward Eli Mason, the father of Eva Lou Mason Towry.

The main question with which we are faced is that of the alleged agency of Joe David Towry at the time and place of the accident.

The accident occurred December 24, 1964, about 6:00 P.M. Joe David Towry was scheduled to marry Eva Lou Mason at her home at 7:00 P.M. that evening. (In answer to a question from the bench during oral argument, we were informed that because of the accident, the wedding was postponed, but took place later.) Towry did not have an automobile. He rode in Eva Lou Mason's car with her to her job that morning, and then used the car for some personal errands and washed it at a coin-operated car wash. He picked up Eva Lou at her place of employment that afternoon and drove her to her father's home where she lived. On the way home they discussed their plans for their wedding. When they arrived at her home, Eva Lou got out of the car and Towry left in it to get his clothes for the wedding which were at his mother's house, and on his return trip he was to pick up his uncle and bring him to the wedding. He picked up his clothes and was on his way to his uncle's home when the accident happened. We quote from the record:

"Q So that at the time Mr. Towry left you at Eli Mason's home, your home, you let Mr. Towry have your car for the purpose of getting his clothes for your wedding and for the purpose of bringing a guest to your wedding?

"A Yes, sir."

Eva Lou Mason's Falcon automobile was purchased when she was 19 years of age. She had previously owned a Valiant which the dealer accepted as her down payment. She picked out the color, year model and type of car she wanted. She made the financial arrangements with the dealer for the purchase of the car and made the monthly payments due to the finance company from her own earnings. Although legal title to the Falcon was taken in her father's name and the tag issued in his name, he had paid no money on it and both he and his daughter considered it to be her automobile. She kept the keys and if her father used it, he asked her permission.

There is no real question but that it was her car.

Appellant's first argued assignment of error is that the trial court erred in giving charge A at the request of the appellee, which reads:

"The Court charges the jury that if you are reasonably satisfied from the evidence that Eva Lou Mason Towry was the owner or the bailee of the car being driven by Joe David Towry and that the trip being made by Joe David Towry was for her benefit or for her benefit and the benefit of Joe David Towry mutually then the jury is authorized to find from such evidence that Joe David Towry was the agent of Eva Lou Mason Towry."

Appellant contends that this court has never "held that the negligence of a driver could be imputed to a third person merely because the third person was the owner or bailee of the automobile and was deriving some benefit from the trip in question." Limiting that contention to the doctrine of imputed negligence, as expressed in our cases, we can agree. But here, we have the question of principal and agent. Alabama cases treat the doctrine of imputed negligence primarily as a shorthand method of establishing an agency relationship. Foster v. Floyd, 276 Ala. 428, 163 So.2d 213. Here, however, it is not necessary to resort to imputed negligence to reach the agency relationship.

We think that under the facts previously stated, a jury question was presented as to whether Eva Lou had constituted Towry as her agent for the operation of the car on the trip which culminated in the accident.

Reverting now to appellant's contention, we think it is answered in the case of Thomas v. Carter, 218 Ala. 55, 117 So. 634. There, it was urged that the court erred in giving charge 42, which read: "The court charges the jury that the owner who is present in the automobile is liable for the

negligence of a driver, operating the machine for him." This court disagreed, saying, in part:

"* * * But as matter of law and fact another question was also involved, viz. whether, apart from the question as to the driver's incompetence, the doctrine of respondeat superior obtained in the premises by reason of the fact that defendant constituted the driver his agent for the operation of the car, and we have stated our conclusion that it did. As to this last phase of the case, the presence of the owner in the car was of no consequence in the circumstances shown in evidence; but the hypothesis to that effect was also immaterial and harmless, for the reason that, as we have stated, the evidence showed his presence without conflict. Eliminating the hypothesis as to the presence of the owner, charge 42 meant only that the owner of an automobile is liable for the negligence of the driver operating the car for him—a charge which might better have amplified its hypothesis and conclusion, but yet was no incorrect statement of the relevant law. * * *"

The case of Erlich v. Heis, 193 Ala. 669, 69 So. 530, supports the giving of charge A. There, the defendant's son was driving defendant's car, and his mother and two of her friends were riding with him when plaintiff's daughter was killed. Even though "The son testified that he was going to Birmingham solely to see a physician, and that his mother's going with him was but an incident to his journey, and that he was going independent of her, and whether she went or not"; and although the father (owner) knew only that his wife had said she was going to Birmingham, but he did not know how she was going, this court held that "the jury could have well inferred that appellant knew that she would probably go in the automobile, and would have the son drive her," that the trip was not solely in the interest of the son, and that it was for the joint benefit of the son and appellant's wife, and that the son was acting as an agent or servant for his father in driving his mother to Birmingham.

In Hudgens v. Boles, 208 Ala. 67, 93 So. 694, it was undisputed that the defendant's car was being operated by his minor son without defendant's knowledge, and although the son testified that the trip was "mostly his", he was also driving for his elder sister, and this court held that the question of the son's agency "was properly submitted to the jury."

So we do have cases where agency has been established when it could be inferred from the evidence that the agent, whether authorizd or not, made a trip for the joint benefit of himself and the owner.

■ It may have been that an explanatory charge should have been given to show that charge A did not include imputed negligence, but it was a correct statement of the law pertaining to principal and agent, and the trial court did not err in giving it. We note that the court did give charge 62, requested by appellant, which read:

"I charge you, gentlemen of the jury, that the plaintiff has the burden of proving that the defendant Joe David Towry was the agent, servant or employee of the defendant Eva Lou Mason Towry at the time of the accident, in order to entitle him to recover from the defendant Eva Lou Mason Towry."

This holding that the court did not err in giving charge A is fortified by the fact that the court did give defendant's requested charges 64 and 66, which stressed the requirement in imputed negligence that the owner had the right to control the operation of the automobile. These charges read:

(64) "I charge you, gentlemen of the jury, that in order for the negligence of the driver of an automobile to be imputed to the owner of the automobile the evidence in the case must establish that the owner had the right to control the operation of the automobile by the driver.

\*   \*   \*   \*   \*   \*

(66) "I charge you, gentlemen of the jury, that you can not find for the plaintiff against the defendant Eva Lou Mason Towry unless you are reasonably satisfied from the evidence that the defendant Eva Lou Mason Towry had the right to control the operation of the automobile being driven by the defendant Joe David Towry at the time of the accident."

■ While discussing imputed negligence, we note that in listing the elements in a situation which gives rise to imputed negligence in Glass v. Davison, 276 Ala. 328, 161 So.2d 811, the word "or" was inadvertently used and the four elements should be read conjunctively and not disjunctively.

What we have said in reference to the first argued assignment of error (No. 9) also applies to assignments 7 and 8, in which objection was taken to argument of counsel to the jury that if appellant were the owner or bailee of the vehicle driven by Towry and if she derived some benefit from the trip, then Towry was her agent for the purpose of that trip.

Assignment 10 charges error in the giving of plaintiff's requested charge 17, which reads:

"The Court charges the jury that the defendant in this case is liable to the plaintiff for damages for the wrongful death of his minor son, if you are reasonably satisfied from the evidence that the defendant was negligent and that his negligence was the sole or concurring proximate cause of plaintiff's son's death and, if you are reasonably satisfied from the evidence that the defendant Joe David Towry was guilty of negligence which proximately contributed to plaintiff's minor son's death and that the plaintiff was not guilty of contributory negligence nor was the plaintiff's minor son guilty of contributory negligence, then the plaintiff would be entitled to recover, even though you may be further satisfied

from the evidence that Gene White was also guilty of negligence which proximately contributed to the injuries and damages complained of by the plaintiff."

Appellant contends that when this charge was given there were two defendants in the case, Joe David Towry and Eva Lou Mason Towry, and that the jury could return a verdict against either or both. But, says appellant, this charge instructed the jury that, upon the finding of negligence of Joe David Towry, proximate cause and lack of contributory negligence, "the *defendant* in this case is liable to the plaintiff for damages for the wrongful death of his minor son" and that "then the plaintiff would be entitled to recover." Appellant argues that the jury was authorized by this charge to return a verdict against appellant without the consideration of the question of agency, because it is not limited to the defendant Joe David Towry.

■ We agree that the charge could have been properly refused because of a tendency to mislead. But the face of the charge names only the defendant, Joe David Towry, and it refers to "his negligence" when the other defendant was a female. And prior to the giving of this requested written charge, the jury had been instructed at length that the first question for them to take up was whether the plaintiff was entitled to recover against Joe David Towry. Then, if reasonably satisfied that plaintiff was so entitled, "then you would take up the question of whether or not you are reasonably satisfied from all the evidence the plaintiff is entitled to recover against the defendant Eva Lou Mason Towry." The court also charged the jury in the oral charge that the burden was on the plaintiff to reasonably satisfy the jury from all the evidence that the defendant, Joe David Towry, was negligent at the time and also that the defendant, Joe David Towry, at the time was acting as the agent, servant or employee of Eva Lou Mason Towry, and within the line and scope of his employment.

In view of the oral charge, we think charge 17 was susceptible to the construction that it applied only to Joe David Towry, and that the use of the word "defendant" in the charge referred to him only.

Appellate court will place the construction upon charges of trial courts which will sustain, rather than condemn, if the charge 'is susceptible to such construction. It is not necessarily reversible to give ambiguous or misleading charges; proper explanatory instructions should be given at the request of the party supposing himself prejudiced thereby. Alabama Consolidated Coal & Iron Co. v. Heald, 171 Ala. 263, 55 So. 181; Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 82 So. 534.

In addition, under Supreme Court Rule 45, we cannot say that after an examination of the entire cause, the giving of charge 17 "probably injuriously affected the substantial rights of the parties."

We think what we have written as to charge 17 also applies to charge 14 which is the subject of assignment of error 11.

Assignment 12 charges error in the refusal of defendant Eva Lou Mason Towry's written request for the affirmative charge with hypothesis as to her. We think we have shown that a jury question as to the agency of Joe David Towry was presented.

Assignment 1 charges error in the overruling of appellant's demurrer to count one of the complaint.

· ▇▇▇ Appellant argues that the use of the word "beside" where the complaint stated that the plaintiff's minor son "was at said time and place along, on, upon or *beside* said highway" shows no duty of care because the boy could have been upon appellant's premises; and the failure of plaintiff to negate by his allegations the possibility that the boy was a trespasser or a licensee renders the complaint demurrable. We do not think that the use of the word "beside", even though indefinite, constitutes a reversal. A technical defect

appearing only by construing a count most strongly against the pleader will not work a reversal. Blankenship v. Van Hooser, 221 Ala. 542, 130 So. 63[2]; Doughty v. City of Fayette, 278 Ala. 121, 176 So.2d 481. Supreme Court Rule 45 is also applicable. McDole v. Vincent, 274 Ala. 342, 148 So.2d 633.

Having been presented with no error requiring reversal, the judgment is due to be affirmed.

Affirmed.

LAWSON, SIMPSON and HARWOOD, JJ., concur.